**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| JONATHON WATSON, | : | Case No. 1:24-cv-223 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| LEVY & ASSOCIATES, LLC, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on Defendant's Motion to Vacate Clerk's Entry of

Default (Doc. 12) and Motion for Leave to File Answer (Doc. 13). Both motions are

unopposed. For the following reasons, the Court **GRANTS** Defendant's Motion to Vacate

Clerk's Entry of Default (Doc. 12) and Motion for Leave to File Answer (Doc. 13). The

Court **DENIES AS MOOT** Plaintiff's Motion for Default Judgment (Doc. 11).

**FACTS**

Defendant Levy & Associates, LLC was a debt collector for Credit Acceptance

Corporation, through whom Plaintiff Jonathon Watson had a car loan. (Compl., Doc. 1,

¶¶ 8-9.) In July 2022, Plaintiff was involved in a car accident and his car was deemed a

total loss. (*Id.* at ¶ 8.) According to Plaintiff, Defendant sent him a collection letter,

offering to settle the loan for $2,350.00. (*Id.* at ¶ 9.) Plaintiff accepted this offer, and in June

2023, Plaintiff's insurance sent Defendant a $5,989.00 check, reflecting the total amount

of insurance proceeds from the accident; the check was cashed and cleared on June 29,

2023. (*Id.* at ¶ 10.) On July 6, 2023, Plaintiff alleges he was notified that his account had been paid in full. (*Id.* at ¶ 11.) Yet, Defendant has not refunded Plaintiff the difference between the loan settlement amount ($2,350.00) and the check that the insurance paid Defendant ($5,989.00). (*Id.*) Defendant then continued its debt collection efforts against Plaintiff. (*Id.* at ¶ 12.) Defendant sued Plaintiff in the Municipal Court of Clermont County, Ohio, as part of its collection efforts. (*Id.*) A trial was set for March 2024, but Defendant failed to appear at trial. (*Id.* at ¶ 14.)

## PROCEDURAL POSTURE

Plaintiff filed this present lawsuit on April 24, 2024, bringing Fair Debt Collection Practices Act ("FDCPA") and Ohio Consumer Protections Act ("OCPA") claims against Defendant. (*See* Compl., Doc. 1.) The summons was returned executed on June 16, 2024. (Proof of Service, Doc. 4). Yet, Defendant failed to respond to Plaintiff's Complaint or otherwise appear. Plaintiff then applied for an entry of default, which the Clerk entered on October 16, 2024. (Entry of Default, Doc. 10.) Plaintiff filed its Motion for Default Judgment on October 18, 2024. (*See* Doc. 11.) On November 8, 2024, Defendant filed the present motions, requesting that the Clerk's entry of default be vacated (Doc. 12) and seeking leave to file its Answer (Doc. 13). Both motions are unopposed by Plaintiff.

## LAW & ANALYSIS

Federal Rule of Civil Procedure 55(c) states that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Rule 55 gives district courts discretion in setting aside an entry of default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). But, a judgment by default is "drastic" and should be reserved

only for the most extreme cases. *Id.* Any doubt of whether default judgment is appropriate should be resolved in favor of the petition to set aside the judgment, so that "cases may be decided on their merits." *Id.* at 846. In deciding whether to set aside an entry of default, courts consider (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defaulting party has a meritorious defense; and (3) whether the opposing party will be prejudiced if the default is set aside. *Id.* at 845. The Court will consider each factor in turn.

## I.     Culpability of Conduct

Culpable conduct includes "either an intent to thwart judicial proceedings or a reckless disregard for the effect [of one's] conduct on those proceedings." *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Here, Defendant explains that its president, who had been served with the Complaint, unintentionally failed to properly place the Complaint in Defendant's computer system. (Motion to Vacate, Doc. 12, Pg. ID 43.) The result was that the necessary personnel were not timely alerted of the lawsuit and its response deadlines. (*Id.*) This error does not show an intent on Defendant's part to thwart judicial proceedings, nor does the conduct rise to the level of reckless disregard for the effect it could have on the proceedings. *See Armoursource, LLC v. Kapah*, No. 2:18-CV-905, 2019 WL 988653, at *1 (S.D. Ohio Mar. 1, 2019) (granting motion to vacate entry of default when the defendant had similarly made a careless error resulting in failure to timely answer). Indeed, when Defendant learned that the Clerk had entered default, Defendant retained an attorney who promptly contacted Plaintiff's counsel to explain the situation. (Motion to Vacate, Doc. 12, Pg. ID 43.) Defendant's

3

prompt response to rectify its error highlights that it did not have an intent to thwart proceedings. Therefore, Defendant's conduct was not culpable.

## II. Merit of Defenses

In order to present a sufficient showing that it has meritorious defenses, a defendant need not show a "likelihood of success." *United Coin Meter*, 705 F.2d at 845. Instead, the measure is whether "any defense relied upon states a defense good at law." *Id.* Such a defense is sufficient if it contains "even a hint of a suggestion which, if proven at trial, would constitute a complete defense." *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996). Defendant states that, if allowed to file an answer, it will attempt to demonstrate that its client did not agree to resolve the underlying claim for only $2,350.00, as Plaintiff asserted. (Motion to Vacate, Doc. 12, Pg. ID 44.) Rather, Defendant intends to show that its client agreed to the insurance settlement amount, plus twenty percent of the remaining balance. (*Id.*) This defense, if proven at trial, would provide a complete defense for why Defendant continued to attempt collection from Plaintiff. The defense is thus sufficiently meritorious.

## III. Prejudice to Plaintiff

Finally, the Court must consider whether setting aside the default will cause Plaintiff any prejudice. To show this prejudice, "mere delay in satisfying a plaintiff's claim . . . is not sufficient prejudice." *United Coin Meter*, 705 F.2d at 845. Instead, the delay must result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433-34. Defendant points out that no risk of these harms exists here, as Plaintiff has consented to its Motion.

(Motion to Vacate, Doc. 12, Pg. ID 45.) Indeed, there is no evidence that Plaintiff will be prejudiced, beyond mere delay in resolving his claims, if the entry of default is vacated.

Because Defendant has provided a sufficient showing for all three factors, vacating the Clerk's Entry of Default is warranted. Further, for good cause, Defendant shall be granted leave to answer Plaintiff's Complaint. And, given Defendant's appearance in the case and the vacated entry of default, Plaintiff's Motion for Default Judgment is moot.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion to Vacate the Clerk's Entry of Default (Doc. 12) is **GRANTED**;

2. The Clerk **SHALL VACATE** the Entry of Default (Doc. 10);

3. Defendant's Motion for Leave to File Answer (Doc. 13) is **GRANTED**;

4. Defendant **SHALL FILE** its Answer to Plaintiff's Complaint (Doc. 1) within seven (7) days of this Order; and

5. Plaintiff's Motion for Default Judgment (Doc. 11) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND